Dear Mr. Gallagher:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask if electric scooters with two wheels, handbrakes and are capable of between 15 and 22 miles per hour fall within the definition of "vehicle" in Title 32 of the Revised Statutes? You also ask if municipalities can regulate the safe and lawful use of these particular scooters in accordance with Title 32 of the Revised Statutes?
The definition of vehicle in Title 32, Section 1 (92) is as follows:
 (92) "Vehicle" means every device by which persons or things may be transported upon a public highway or bridge, except devices moved by human power or used exclusively upon stationary rails or tracks. A bicycle or a ridden animal shall be a vehicle, and a trailer or semitrailer shall be a separate vehicle.
According to the definition given above, the electric scooters you describe are vehicles and are not exceptions to the definition since they are not human-powered or used exclusively upon stationary rails or tracks.
Another pertinent definition in La.R.S. 32:1 is found in Section 1 (39). A "motor driven cycle" which is every motorcycle, including every motor scooter, with a motor of not to exceed five horsepower.
Louisiana Revised Statute 32:53 sets out the requirements for proper equipment that must be on a vehicle before the vehicle can be driven upon the highways of this state. This statute requires all vehicles to be inspected, approved and bear an inspection tag showing the vehicle meets the inspection requirements set out in La.R.S. 32:1301 to 1310. As is readily apparent, many electric scooters do not possess the equipment needed to pass an inspection.
If the vehicle is determined to be a motor driven cycle, specific statutes such as La.R.S. 32:324, which deals with lighting equipment on motor driven cycles, La.R.S. 32:345, which deals with brakes on motor driven cycles, and La.R.S. 32:190.1, which deals with eye protective devices, control.
Additionally, a driver's license is required for all operators of any motor vehicle before driving or operating any motor vehicle on any public street, road or highway of this state.
Your second question asks if municipalities can regulate the safe and lawful use of these scooters. Please refer to La.R.S. 32:41 which sets out the power of local municipalities. This statute can be summarized by stating that municipalities are given the authority to adopt ordinances regulating traffic on highways other than state maintained highways within their corporate limits. Further, local municipal authorities may adopt ordinances regulating traffic on state maintained highways if they are approved in writing by the Department of Transportation and Development.
Local parish authorities are also given the power to regulate highways other than state maintained highways and public roads within their territorial limits, but outside of the corporate limits of any municipality. (See La.R.S. 32:42).
Many are also asking if these scooters can be legally operated on sidewalks. According to La.R.S. 32:1 (66), a "sidewalk" means that portion of a highway between curb lines, or the lateral lines of a highway, and the adjacent property lines, intended for the use of pedestrians.
According to La.R.S. 32:1 (48), a pedestrian means any person afoot. Therefore, sidewalks are intended for the use of persons afoot (pedestrians) and not those on vehicles.
In summary, two wheel electric scooters are vehicles which may be regulated by Title 32 and by local municipalities. Additionally, sidewalks are intended for the use of pedestrians and not for scooter traffic.
We trust this sufficiently answers your questions. However, if you should need anything further do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ Frances J. Pitman Assistant Attorney General
CCF, Jr./FJP/sc 03-0383.op